Juan **HERRERA–GUZMAN,** Petitioner,

v.

John **ASHCROFT,** Attorney
General, Respondent.

No. 03–71068.
Agency No. A45–126–296.

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2004.*

Decided May 19, 2004.

Nicomedes E. Suriel, Law Offices of Nicomedes E. Suriel, L.L.C., Phoenix, AZ, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Lagu-

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

na Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, M. Jocelyn Wright, Kurt B. Larson, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before O'SCANNLAIN, SILER,** and HAWKINS, Circuit Judges.

### MEMORANDUM***

The Immigration Judge ("IJ") concluded that Juan Herrera–Guzman ("Herrera") was removable under the Immigration and Nationality Act ("INA") § 237(a)(1)(A), 8 U.S.C. § 1227(a)(1)(A), for violations of INA § 212(a)(6)(E), 8 U.S.C. § 1182(a)(6)(E), while in Mexico.[1] This determination was based on specific findings including that: (1) credible and internally consistent testimony of the two border patrol agents corroborated the investigative report and sworn statements prepared on July 5, 1999; and (2) Herrera and the two witnesses lacked credibility in part because of (a) "totally unbelievable" claims that all three ended up in the same taxi in Arizona with no prior arrangements by mere "coincidence"; (b) inconsistencies between Rodriguez's and Contreras' depositions and their own statements contemporaneous with the events; and (c) accusations against the border patrol deemed "incredible" when weighed against the credibility of the officers.

Substantial evidence exists in the record to support these determinations. *See Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002). Atwell and Cain were experienced border patrol agents with over 20 years of cumulative service at the time Herrera was arrested. Nothing in the record indicates that either agent had any prior history of dishonesty, bribery or false arrest. Rather, their testimony was consistent, both with each other and the investigative report compiled by Agent Atwell. Additionally, nothing in the record compels the conclusion that Agent Cain's "working knowledge" of Spanish would have been insufficient to interview and fairly translate the sworn statements of the witnesses. Deference to the IJ's finding that the agents were credible creates a presumption of truth in the sworn statements of Rodriguez and Contreras, and nothing in the record compels a finding that their inconsistent depositions should trump their earlier statements incriminating Herrera. These determinations, in turn, provided a proper basis for the decision that the government had shown by clear and convincing evidence that Herrera had engaged in a conspiracy to aid an illegal entry into the United States while he was in Mexico.

The Petition for Review is DENIED.

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because 8 U.S.C. § 1227 is only triggered when an alien makes an "entry," Herrera must fall within one of the six circumstances outlined by 8 U.S.C. § 1101(a)(13)(c) in which a legal permanent resident is considered to have made an "admission" triggering immigration laws. At the hearing, the government relied on § 1101(a)(13)(c)(iii), that Herrera had "engaged in illegal activity after having departed from the United States."